**DISMISS and Opinion Filed March 11, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00034-CV

### LOUIS DAITCH, Appellant
### V.
### BARBARA BENSON, Appellee

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-00161**

## MEMORANDUM OPINION
Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice Evans

In a letter dated January 13, 2014, the Court questioned its jurisdiction over this appeal as it appeared the notice of appeal was untimely filed. We requested that appellant file a letter brief addressing our jurisdictional concern and gave appellee an opportunity to respond. Appellant filed a jurisdictional brief. Appellee did not file a response.

In the absence of a timely filed post-judgment motion extending the appellate timetable, a notice of appeal is due thirty days after the date the judgment is signed. *See* TEX. R. APP. P. 26.1. Without a timely filed notice of appeal, this Court lacks jurisdiction. *See* TEX. R. APP. P. 25.1(b).

The trial court signed the judgment on September 6, 2013. Appellant filed a motion for new trial on October 28, 2013. The motion for new trial was untimely because it was not filed within thirty days of the date the judgment was signed. *See* TEX. R. CIV. P. 329b(a). In his jurisdictional brief, appellant stated that he did not receive notice of the judgment until

September 21, 2013 and that he deposited his motion for new trial in the prison mail on October 16, 2013. Appellant contends his motion for new trial was timely because it was deposited within thirty days of his receipt of the judgment. We disagree. The motion for new trial was due on October 6, 2013, thirty days after the judgment was signed. *See* TEX. R. CIV. P. 329b(a). In his motion for new trial, appellant cited rule 306 and stated that he did not obtain actual knowledge of the judgment until September 24, 2013. Assuming appellant was invoking rule 306a(4) of the rules of civil procedure to extend the date from which appellate deadlines began to run, that rule is inapplicable because appellant acquired actual knowledge of the judgment within twenty days of the date the judgment was signed. *See* TEX. R. CIV. P. 306a(4).

Appellant did not file a timely motion for new trial. Accordingly, the notice of appeal was due on October 6, 2013. Appellant filed his notice of appeal on January 2, 2014. Because the notice of appeal was untimely, this Court lacks jurisdiction. Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

/David Evans//
DAVID EVANS
JUSTICE

140034F.P05

–2–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LOUIS DAITCH, Appellant

No. 05-14-00034-CV        V.

BARBARA BENSON, Appellee

On Appeal from the 101st Judicial District Court, Dallas County, Texas.
Trial Court Cause No. DC-13-00161.
Opinion delivered by Justice Evans.
Justices FitzGerald and Fillmore, participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee, BARBARA BENSON, recover her costs of this appeal from appellant, LOUIS DAITCH.

Judgment entered this 11th day of March, 2014.

/David Evans/
DAVID EVANS
JUSTICE